IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

GABRIEL REED, as next friend to M.R.,

        Plaintiff,

    v.

EUGENE SCHOOL DISTRICT 4J, *et al.*,

        Defendants.

Civ. No. 6:24-cv-00078-AA

**OPINION & ORDER**

AIKEN, District Judge.

*Pro Se* Plaintiff Gabriel Reed, as Next Friend to minor M.R., seeks leave to proceed *in forma pauperis* ("IFP") in this action.[1] For the reasons set forth below, Plaintiff's IFP Petition, ECF No. 2, is DENIED and the Complaint, ECF No. 1, is DISMISSED without service on Defendants. A judgment of dismissal without prejudice shall be entered to allow Plaintiff to refile this case with the assistance of competent counsel. Plaintiff's Motion to Appoint Guardian Ad Litem, ECF No. 3, is MOOT.

---

[1] In the Complaint, ECF No. 1, Plaintiffs identify M.R. by her full name. Federal Rule of Civil Procedure 5.2 provides that the filings containing the "name of an individual known to be a minor," should include only the "minor's initials." Fed. R. Civ. P. 5.2(a)(3). As a precaution and to protect the privacy of the minor Plaintiff, the Court has placed the Complaint under seal and will refer to the minor party as "M.R." throughout this Order. ECF No. 6.

Page 1 –OPINION & ORDER

## LEGAL STANDARD

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

With regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

When assessing an IFP petition, the Court first must determine whether the plaintiff has made a sufficient showing of indigency. Here, Plaintiff reports an annual income of $78,000. ECF No. 2. Plaintiff reports considerable expenses, but states that he believes he will have the money for the filing fee at a future date but did not have it at the time of filing. The Court concludes that Plaintiff has not made a sufficient showing of indigency and so the IFP petition is DENIED.

Turning to the substance of the Complaint, Plaintiff brings claims for (1) discrimination in violation of Section 504 of the Rehabilitation Act of 1973; (2) intentional infliction of emotional distress; (3) negligent infliction of emotional distress; (4) false imprisonment of a minor; (5) illegal use of restraints and

seclusions; (6) illegal use of seclusion cell; (7) failure to report restraints and seclusions; (8) cruel and unusual punishment in violation of the Eighth Amendment; (9) civil conspiracy to misreport restraints and seclusions; (10) civil conspiracy to falsely imprison a minor; (11) conspiracy to discriminate in violation of Section 504 of the Rehabilitation Act; (12) conspiracy to intentionally inflict emotional damage; (13) conspiracy to negligently inflict emotional damage; (14) conspiracy to illegally use restrains and seclusions; (15) conspiracy to use a seclusion cell; and (16) conspiracy to violate the Eighth Amendment.

These claims are brought on behalf of Plaintiff's minor daughter, M.R., who has non-verbal autism, and allege that school staff mistreated M.R. The Ninth Circuit has held that, although a non-attorney litigant may represent himself or herself *pro se* in a civil matter in court, "that privilege is personal to him" and does not entitle the non-attorney to represent others in legal matters. *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). This rule has broad application and includes most lawsuits in which parents attempt to assert claims on behalf of their minor children. *Johns v. Cnty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997). In holding that a parent or guardian may not being an action on behalf of a minor child without retaining counsel, the Ninth Circuit observed that the "choice to appear pro se is not a true choice for minors who under state law cannot determine their own legal actions." *Id.* at 876 (quotation marks and internal citations omitted). The Ninth Circuit held that it was not in the interest of a minor to be represented by a non-attorney and that "[w]hen [minors] have claims that

require adjudication, they are entitled to trained legal assistance so their rights may be fully protected." *Id.*

In such circumstances, the Ninth Circuit held that the proper course of action is to dismiss without prejudice so that the child (through their parent or guardian) may seek the assistance of qualified counsel to vindicate their rights. *Johns*, 114 F.3d at 877. The Court will therefore dismiss the Complaint without prejudice so that Plaintiff may seek the assistance of counsel to represent the interests of M.R. in this action.[2] The dismissal of the case will render Plaintiff's request to proceed as guardian ad litem of M.R. moot. To the extent that Plaintiff wishes to pursue claims in his own name to vindicate his own rights, as opposed to those of M.R., he is certainly permitted to do so, but the Court recommends that Plaintiff take steps to secure counsel for himself as well.

## CONCLUSION

For the reasons set forth above, Plaintiff's IFP petition, ECF No. 2, is DENIED and the Complaint, ECF No. 1, is DISMISSED without prejudice so that Plaintiff may seek the assistance of qualified counsel to represent the interests of M.R. Plaintiff's Motion to Appoint Guardian Ad Litem, ECF No. 3, is MOOT. Judgment shall be entered accordingly.

It is so ORDERED and DATED this ___24th___ day of January 2024.

/s/Ann Aiken
ANN AIKEN
United States District Judge

---

[2] The Court will make no determinations concerning the substance of Plaintiff's claims.